IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORNELIUS TAYLOR,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0419 |
| | : | |
| **DOC,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                   **APRIL 21, 2023**

Plaintiff Cornelius Taylor, a convicted prisoner currently incarcerated at SCI Houtzdale, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 (ECF No. 1.)  Currently before the Court are Taylor's Motion to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 4, 5.)  Because Taylor has obtained three prior "strikes" and because he has not shown an imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g) the Court will deny Taylor leave to proceed *in forma pauperis* and require that he pay the full filing fee if he wishes to continue with his case.

I.       **FACTUAL ALLEGATIONS**

Briefly, Taylor alleges that beginning in 2001, he was prescribed Risperdal by prison medical officials.  (Complaint, ("Compl.") ECF No. 1 at 5.)  He claims that he was never provided a test to avoid the side effects of the drug.  (*Id.* at 4, 5.)  He alleges that he has developed male breasts as a result of taking the medication.  (*Id*. at 5.)  Taylor names as Defendants the Pennsylvania Department of Corrections, Veteran's Medical Hospital in Philadelphia, Pennsylvania and various unnamed staff and psychiatrists employed there, Dr. Kale, a psychiatrist employed by SCI-Dallas, various unnamed staff and psychiatrists employed

by SCI Rockview, and Dr. Bloom, a psychiatrist employed by SCI Houtzdale. (*Id.* at 1-3.) He seeks an award of money damages. (*Id.* at 5.)

## II. "THREE-STRIKE" ANALYSIS

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's

allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

### 1.  Taylor has accumulated three strikes.

The Court concludes that Taylor has accumulated three strikes for purposes of § 1915(g). *See Taylor v. DOC*, No. 20-0131 (W.D. Pa. Aug. 17, 2020) (adopting Report and Recommendation dismissing complaint with prejudice for failure to state a claim); *Taylor v. Smith*, No. 20-0170 (W.D. Pa. Sept. 28, 2020) (order adopting Report and Recommendation dismissing complaint with prejudice for failure to state a claim); *Taylor v. Hall*, No. 20-4686 (E.D. Pa. Oct. 22, 2020) (complaint dismissed as time-barred under 28 U.S.C. 1915(e)(2)(B)(ii)). *See also Taylor v. Hall*, No. 21-1304 (3d Cir. July 8, 2021) (denying motion to proceed *in forma pauperis* on appeal because Taylor had accumulated three strikes against him under 28 U.S.C. 1915(g)).

### 2. The Complaint does not allege imminent danger.

Because Taylor has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in federal court unless he can show that he was in imminent danger of serious physical injury at the time he brought his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

Taylor's allegation is that he is suffering a side effect of having taken Risperdal as prescribed by prison medical personnel. Specifically, he alleges he has enlarged male breasts, also known as gynecomastia. He does not allege that this condition places him in imminent

danger and, under liberal pleading rules, construing all allegations in Taylor's favor, the Court can identify nothing in his allegations that would support a finding of imminent danger. Accordingly, the Court finds that the imminent danger exception does not apply. *See Hoye v. Risperdal Drug Lawsuit Source*, No. 18-1013, 2019 WL 493961, at * (W.D. Pa. 2019) (adopting report and recommendation that gynecomastia that developed from taking Risperdal in past did not constitute imminent danger at the time the complaint was filed).

### III. CONCLUSION

Since Taylor is a "three-striker" who is prohibited from proceeding *in forma pauperis* and he has not alleged he was in imminent danger of serious physical injury when he submitted his Complaint, the Court will require him to pay the fees to commence this civil action. For these reasons, the Court will deny Taylor's Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Should Taylor desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows.